# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 09-08665-MMM (AGRx) | Date | January 22, 2010 |

| | |
|---|---|
| Title | *Anna Geylikman, et al.v. United Capital Title Insurance Co., et al.* |

| | |
|---|---|
| Present: The Honorable | MARGARET M. MORROW |

| | |
|---|---|
| ANEL HUERTA | N/A |
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   Order to Show Cause Why Action Should Not be Dismissed for Lack of Subject Matter Jurisdiction.

## I.  PROCEDURAL BACKGROUND

On November 24, 2009, plaintiffs Anna Geylikman, individually and as trustee of the Victory Living Trust, and Alex Mirsky filed this action against defendants United Capital Title Insurance Company ("United Capital") and Fidelity National Title Group ("Fidelity").  Plaintiffs' complaint alleges four claims based on defendants' purported failure fully to defend plaintiffs in a third party suit as allegedly required by an insurance policy issued by defendants.  The claims asserted are for (1) breach of the insurance contract; (2) bad faith breach of contract; (3) breach of the implied covenant of good faith and fair dealing; and (4) declaratory relief.[1]

Plaintiffs allege that the court has subject matter jurisdiction, because the citizenship of the parties is diverse and their damages exceed $75,000. They assert that they are citizens of California,[2] that United Capital and Fidelity are unknown business entities, and that United Capital's corporate headquarters is located in Illinois.[3]  The complaint, however, is silent on the state of incorporation of

---

[1]Complaint, Docket No. 1 (Nov. 24, 2009), ¶¶ 15-18, 20-47.

[2]*Id.*, ¶¶3-5.

[3]*Id.*, ¶¶ 1-2.

United Capital, and entirely silent on the citizenship of Fidelity.[4]

## II.  DISCUSSION

### A.  Legal Standard Governing Diversity Jurisdiction

Federal courts have subject matter jurisdiction to hear suits between citizens of different states where the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants."  *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).  For diversity purposes, a corporation may have dual citizenship.  "[A] corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ."  28 U.S.C. § 1332(c)(1).

Courts employ one of two tests in determining a corporation's principal place of business.  "First, the 'place of operations test' locates a corporation's principal place of business in the state which 'contains a substantial predominance of corporate operations.'  Second, the 'nerve center test' locates a corporation's principal place of business in the state where the majority of its executive and administrative functions are performed."  *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 500 (9th Cir. 2001) (citing *Industrial Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990)).  If a corporation's citizenship is analyzed under the "place of operations" test, then the location of its corporate headquarters is not controlling.  See *Industrial Tectonics*, 912 F.2d at 1094 ("We hold that, where a majority of a corporation's business activity takes place in one state, that state is the corporation's principal place of business, even if the corporate headquarters are located in a different state").  Assessing whether a corporation's business activity "substantially predominates in a given state plainly requires a comparison of that corporation's business activity in the state at issue to its business activity in other individual states."  *Tosco Corp.*, 236 F.3d at 500 (citing *Montrose Chemical Corp. v. American Motorists Ins. Co.*, 117 F.3d 1128, 1134-36 (9th Cir. 1997); *Industrial Tectonics*, 912 F. 2d at 1094).

Where a corporation's business activities do not substantially predominate in one state, however, courts employ the "nerve center test."  *Id.*  Under this analysis, the corporate headquarters is a factor in determining a corporation's citizenship.  See *Danjaq S.A. v. Pathe Communications Corp.*, 979 F.2d 772, 776 (9th Cir. 1992) ("The 'nerve center' approach looks to the corporation's headquarters as the principal place of business").  See also *Breitman v. May Company California*, 37 F.3d 562, 564 (9th Cir. 1994) (affirming the district court's determination that, applying the "nerve center" test, a corporation headquartered in Missouri was a Missouri citizen for diversity jurisdiction purposes).

The Ninth Circuit treats limited liability corporations like partnerships for purposes of diversity

---

[4]Complaint, ¶¶ 1-2.  The court's search of public records indicates that United Capital may well be incorporated in the State of California.  (See California Sec'y of State Corporate Records and Business Registrations, Identification Number C1495008; Filing Date: 03/21/1991; Florida State Department of Corporations, Identification Number F05000004981, listing United Capital's state of incorporation as California.)  If this is true, then complete diversity of citizenship is lacking.

jurisdiction. See *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (applying the standard used by sister circuits, which treats LLCs like partnerships). Thus, "an LLC is a citizen of every state of which its owners/members are citizens." *Id.*; see also *Marseilles Hydro Power, LLC v. Marseilles Land and Water Co*, 299 F.3d 643, 652 (7th Cir. 2002) (explaining that "the relevant citizenship [of an LLC] for diversity purposes is that of the members, not of the company"); *Handelsman v. Bedford Village Assocs., Ltd Partnership*, 213 F.3d 48, 51-52 (2d Cir. 2000) (recognizing that "a limited liability company has the citizenship of its membership").

### B.   Whether the Complete Diversity Requirement is Satisfied

Plaintiffs bear the burden of demonstrating that the complete diversity requirement is satisfied by a preponderance of the evidence. Here, the complaint alleges that both United Capital and Fidelity are unknown business entities. Although plaintiffs allege the location of United Capital's corporate headquarters, they have not adequately pleaded the citizenship of either defendant. If either or both of United Capital and Fidelity are corporations, then the complaint must address their state of incorporation as well as their principal place of business. If one or both are limited liability corporations, limited partnerships, or partnerships, then the complaint must allege the citizenship of each member or partner. Absent this information, the court is unable to determine if there is diversity of citizenship among the parties.

### III.  CONCLUSION

The court directs plaintiffs to show cause, on or before **Friday, February 5, 2010**, why it should not dismiss this action for lack of subject matter jurisdiction. Plaintiffs must demonstrate that there is complete diversity of citizenship between them and all defendants or their partners/members. Failure to respond by **February 5, 2010**, will result in the immediate dismissal of the action without prejudice. Defendants may file a response on or before **February 12, 2010**.